# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAIICHI SANKYO COMPANY, LIMITED,<br><br>      Plaintiff,<br>  v.<br><br>HON. DAVID J. KAPPOS<br>Under Secretary of Commerce for<br>Intellectual Property & Director of the<br>United States Patent & Trademark Office,<br><br>      Defendant. | Civil Action No. 1:10-cv-00215 (RWR) |

## SUPPLEMENTAL JOINT STATUS REPORT REGARDING FURTHER PROCEEDINGS IN THIS CASE

Plaintiff, Daiichi Sankyo Company, Limited ("Daiichi Sankyo"), and Defendant, the Honorable David J. Kappos, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), respectfully submit this Supplemental Joint Status Report Regarding Further Proceedings in this Case. The parties have had a series of conversations regarding how best to proceed with this matter, and there are areas of agreement, and other areas where the parties are of differing views with respect to further proceedings. As a result, the parties have included two proposed orders, reflecting their respective recommendations. The parties submitted an initial Joint Status Report Regarding Further Proceedings in this Case on April 2, 2012, and are awaiting an order regarding further proceedings from this Court. The parties have agreed to modify the Plaintiff's proposed schedule to include dates calculated from the date of an order from this Court.

  **I.**  **Background**

On May 31, 2011, the Court granted Defendant's Consent Motion for a Stay of This Case in Lieu of an Answer, pending a decision in the cases of <u>Bristol Myers Squibb Co. v. Kappos</u>,

09-cv-1330 (EGS) and 09-cv-2420 (EGS) ("the BMS cases").  The reason for the request for a stay was that the defendant's dispositive motions in the BMS cases included an argument addressing equitable tolling, an issue that has also been raised by the Plaintiff in this case.  In the motion for a stay, the parties agreed to file a joint status report within 30 days of a decision in the BMS cases.

On January 27, 2012, a decision was issued in the BMS cases.  The parties thereafter requested a 30-day extension of time in which to file their joint status report, in order to provide additional time for the parties to discuss further proceedings.  On March 1, 2012, the Court granted the parties' motion for an extension of time, and directed that a Joint Status Report be filed by March 27, 2012.  On March 26, 2012, the parties filed a motion requesting an extension of time until April 2, 2012, on which date the parties filed a Joint Status Report.

## II.     The BMS Decision and the Equitable Tolling Issue

The decision issued by the court in the BMS cases found that timely filing of the petitions for administrative reconsideration of patent term adjustment under 37 C.F.R. § 1.705(d) tolled the time under 35 U.S.C. § 154(b)(4)(A) within which plaintiffs were required to appeal to this Court.  Although the January 27, 2012 decision in the BMS cases applied the normal tolling rule to 35 U.S.C. § 154(b)(4)(A), the Court did not expressly address Defendant's principal argument in the BMS cases that: equitable tolling is not available for the 180-day limitation period set forth by 35 U.S.C. § 154(b)(4)(A) because the statute does not couple the beginning of the limitation period to any particular determination of patent term by the USPTO; instead, the statute expressly and solely couples the beginning of the limitation period to the issue date of the patent at issue.  On February 24, 2012, Defendant filed a Motion for Reconsideration in the BMS cases, and that motion is now fully briefed.  On April 27, the Court scheduled a hearing on Defendant's Motion for Reconsideration to take place on June 19, 2012.

In addition, the Defendant and three different Plaintiffs in separate cases are scheduled to brief dispositive motions, which could potentially raise equitable tolling issues, before Judge Howell in Merck Sharp & Dohme Corp. v. Kappos, Civil Action No. 10-1110, before Judge Huvelle in Novartis AG, et al. v. Kappos, Civil Action No. 10-1138, and before Judge Kollar-Kotelly in Janssen Pharmaceutica, N.V. v. Kappos, Civil Action No. 12-0241.  In Merck, the parties began filing their dispositive motions on April 6, 2012 and are scheduled to have the issues therein fully briefed on June 8; in Novartis, plaintiff Novartis is scheduled to file its summary judgment motion on May 16, 2012; and, in Janssen, defendant filed its answer or motion to dismiss on April 9, 2012 and the parties are scheduled to have the issues therein fully briefed on May 29.  In another case before Judge Kollar-Kotelly, Argentum Medical, LLC v. Kappos, Civil Action No. 10-1177, the Court denied the parties' joint motion to the stay proceedings and the parties subsequently agreed to dismiss the action without prejudice.

**III.      Plaintiff's Recommendation for Further Proceedings**

Plaintiff does not believe a stay is appropriate in this case because this case is factually distinguishable from the BMS cases, the Novartis case, the Merck case, and the Janssen case, and therefore, a decision in the BMS cases, the Novartis case, the Merck case, or the Janssen case would not necessarily resolve the dispute between the parties.  Plaintiff timely filed the present action under 35 U.S.C. §154(b)(4)(A) on February 12, 2010, within 180 days of issuance of Plaintiff's U.S. Patent No. 7,576,135 ("the '135 patent").  The '135 patent is terminally disclaimed over United States Patent Nos. 7,365,205 ("the '205 patent") and 7,342,014 ("the '014 patent").  In view of the terminal disclaimers, the term of the '135 patent would be erroneously limited unless the terms of the '205 and '014 patent are also recalculated according to the Federal Circuit's decision in Wyeth v. Kappos, 591 F.3d 1365 (Fed. Cir. 2010) ("the Wyeth CAFC decision").  None of the BMS cases, the Novartis case, the Merck case, or the

Janssen case address the effect of terminal disclaimers on the patent term of a subsequently issued patent that is the subject of a §154(b)(4)(A) action before this Court within 180 days of the issuance of the patent.

Furthermore, this case has already been stayed for over 9 months pending issuance of a non-binding decision in the BMS cases. The decision from the BMS cases has not resolved the dispute between the parties. Further delay of this case pending reconsideration in the BMS cases, or issuance of non-binding decisions by another judge on this Court in the Novartis, Merck, or Janssen cases, all of which involve different plaintiffs, will not address the specific facts and issues unique to this case. In fact, Judge Howell in the Merck case denied the parties' joint motion to stay proceedings and ordered that the parties brief their dispositive motions. Also, in Argentum Medical, LLC v. Kappos, Civil Action No. 10-1177, Judge Kollar-Kotelly denied the parties' joint motion to stay proceedings.

Plaintiff believes that the most efficient way to resolve this case is an early briefing schedule on dispositive motions, *i.e.*, summary judgment motions and motion to dismiss. The USPTO consented to and Plaintiff filed on April 16, 2012 a Second Amended Complaint to incorporate an additional action related to the '014 patent taken by the USPTO after the Consent Motion to Stay *In Lieu of Answer* was filed on February 23, 2011. In addition, Plaintiff proposes the following schedule for further proceedings:

1. Plaintiff's motion for summary judgment will be due within fourteen (14) days from entry of an order by the Court;

2. Defendant's opposition, and any cross-motion or motion to dismiss, will be due within thirty (30) days of service of Plaintiff's motion for summary judgment;

3. Plaintiff's reply and/or opposition will be due within twenty-one (21) days of service of Defendant's opposition, and any cross-motion or motion to dismiss;

    4.      Defendant's reply will be due within twenty-one(21) days of service of Plaintiff's reply and/or opposition; and

    5.      The deadline for the Defendant's Answer to the Second Amended Complaint will be stayed until further order of the Court.

### IV.  Defendant's Recommendations for Further Proceedings

Defendant respectfully submits that this case should be stayed pending decisions in <u>Merck</u>, <u>Novartis</u>, <u>Janssen</u>, and/or the <u>BMS</u> cases.  Defendant notes that Plaintiff originally consented to a motion to stay this case pending a decision in the <u>BMS</u> cases, recognizing that this case also involves an argument regarding equitable tolling that may be dispositive of Plaintiff's claims.  The basis for Defendant's request to again stay this matter is economy of resources.  If the parties begin briefing in this case and a decision is issued in one of the other cases where the equitable tolling argument is already being advanced, the parties will almost certainly need to address that decision here.  That could potentially happen four times, as decisions are issued in <u>Merck</u>, <u>Novartis</u>, <u>Janssen</u>, and the <u>BMS</u> cases.  Moreover, one or more of those decisions, if dispositive, may be appealed, leading to more uncertainty in this area.  This requirement to repeatedly address these various decisions is likely to lead to numerous briefs, which is not in the interest of conserving judicial resources, nor is it an economical or efficient use of the parties' resources.

While Defendant is cognizant that this case was already stayed for a period of time, Defendant respectfully requests that there is no prejudice to Plaintiff in a further stay, as the original patent at issue here (namely, U.S. Patent No. 7,576,135) does not expire until at least the year 2023, pursuant to the terminal disclaimer filed by the Defendant during prosecution of the application for the '135 patent.  Likewise, the two patents that Defendant added in its First Amended complaint (namely, U.S. Patent Nos. 7,365,205 and 7,342,014) do not expire until at

least the year 2023.  Accordingly, given the upcoming hearing in BMS regarding Defendant's Motion for Reconsideration on June 19 and the impending completion of the briefing schedules in the remaining cases, Defendant respectfully requests that the case be stayed for all other purposes pending further order of the Court, and that the parties be directed to file periodic status reports and notify the Court of any decisions in the Merck, Novartis, Janssen and BMS cases.

**I.     Conclusion**

Based on the above positions, the parties respectfully submit their respective proposed orders.

Respectfully submitted,

___/s/_____
KEVIN M. DINAN, D.C. BAR #406627
King & Spalding, LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006
Phone:  (202) 661-7916
Fax:  (202) 626-3737
Email:  kdinan@kslaw.com

*Of Counsel:*

Kenneth H. Sonnenfeld
Margaret B. Brivanlou
Wan Chieh Lee
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Tel:  (212) 556-2100
Fax:  (212) 556-2222

*Attorneys for Plaintiff Daiichi Sankyo Company, Limited*

RONALD C. MACHEN, JR., DC BAR #447889
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, DC BAR #924092
Acting Chief, Civil Division

By:    ___/s/_____
ADDY R. SCHMITT
D.C. Bar #489094
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Room E-4905
Washington, D.C.  20530
(202) 616-0739
(202) 514-8780 (fax)
Addy.Schmitt@usdoj.gov

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAIICHI SANKYO COMPANY, LIMITED,<br><br>         Plaintiff,<br>   v.<br><br>HON. DAVID J. KAPPOS<br>Under Secretary of Commerce for<br>Intellectual Property & Director of the<br>United States Patent & Trademark Office,<br><br>         Defendant. | Civil Action No. 1:10-cv-00215 (RWR) |

## **PLAINTIFF'S PROPOSED ORDER**

Upon consideration of the parties' joint status report, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's motion for summary judgment is due within fourteen (14) days from the date of this Order;

**ORDERED** that Defendant's opposition, and any cross-motion or motion to dismiss, is due within thirty (30) days of service of Plaintiff's motion for summary judgment;

**ORDERED** that Plaintiff's reply and/or opposition is due within twenty-one (21) days of service of Defendant's opposition, and any cross-motion or motion to dismiss;

**ORDERED** that Defendant's reply is due within twenty-one (21) days of service of Plaintiff's reply and/or opposition; and

**ORDERED** that the deadline for the Defendant's Answer to the Second Amended Complaint is stayed until further order of the Court.

_____          _____
DATE                                                                  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAIICHI SANKYO COMPANY, LIMITED,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>HON. DAVID J. KAPPOS<br>Under Secretary of Commerce for<br>Intellectual Property & Director of the<br>United States Patent & Trademark Office,<br><br>　　　　　　　Defendant. | Civil Action No. 1:10-cv-00215 (RWR) |

## **DEFENDANT'S PROPOSED ORDER**

Upon consideration of the parties' joint status report, and the entire record herein, it is hereby

**ORDERED** that this matter is stayed pending further Order of the Court; and it is further

**ORDERED** that the parties shall file a joint status report within thirty (30) days of the first decision in Bristol Myers Squibb Co. v. Kappos, 09-cv-1330 (EGS) and 09-cv-2420 (EGS), Merck Sharp & Dohme Corp. v. Kappos, 10-cv-1110 (BAH), Novartis AG, et al. v. Kappos, 10-cv-1138 (ESH) and/or Janssen Pharmaceutica, N.V. v. Kappos, 12-cv-0241 (CKK).

_____　　_____
DATE　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE